## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MEREDITH KAY REINHOLDT,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No.: 0:20-cv-2003<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 U.S.C. § 1681, *et seq.* |

Plaintiff Meredith Kay Reinholdt ("Plaintiff"), through her attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to assure maximum possible accuracy of the information that they report.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Experian transacts business in this district. As such, the Court has personal jurisdiction over Experian.

## PARTIES

1. Plaintiff is a natural person residing in the city of White Bear Lake, Ramsey County, Minnesota.

2. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

3. Experian is a "credit reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f).

4. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in the form of "consumer reports" (as defined in 15 U.S.C. § 1681a(d)) to be furnished to third parties.

5. Upon information and belief, Experian disburses consumer reports to third parties under contract for monetary compensation.

6. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. At all relevant times, Experian acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

1. In or around April 2018, Plaintiff opened an account with CenturyLink for cable television. The account was subsequently transferred to EOS ("Creditor") as designated account # 777. . . (the "777 Account").

2. Plaintiff subsequently fell on hard times and had difficulties paying her bills. In particular, Plaintiff did not pay an amount owed on the 777 Account.

3. On January 30, 2020, Plaintiff and her husband, James F. Reinholdt, Jr., filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code. The bankruptcy petition was filed in the United States Bankruptcy Court for the District of Minnesota (St. Paul), case number 20-30257.

4. Plaintiff and her husband were discharged from the Chapter 7 bankruptcy on or about April 27, 2020. The discharge included amounts owed on the 777 Account.

5. Following the bankruptcy discharge, Plaintiff was eager to commence working to improve her credit and to obtain her "fresh start." She accordingly applied for a Capital One credit card, but was denied.

6. To make sure that the post-bankruptcy discharge reporting on her credit reports were accurate, Plaintiff obtained copies from Experian and the other national consumer reporting agencies, Equifax Information Services, Inc. ("Equifax") and TransUnion, LLC ("TransUnion").

7. Upon review, Plaintiff learned that Experian did not report that the 777 Account had been discharged in bankruptcy, despite reporting the bankruptcy filing in the public records section and reporting another pre-bankruptcy account as discharged through bankruptcy.

8. Plaintiff also learned that Experian was reporting the 777 Account with a "past due" balance of $106 in "collection" as of June 2020, despite the account having been included in Plaintiff's bankruptcy and discharged in April 2020.

9. Plaintiff also learned that nonparty CRA TransUnion was accurately reporting that the 777 Account balance had been discharged in Plaintiff's bankruptcy and that nonparty CRA Equifax was not reporting the account.

10. Upon information and belief, Experian proactively sought out and paid for Plaintiff's public record bankruptcy information in order to post it in her credit report.

11. Upon information and belief, Experian has been conducting such bankruptcy court inquiries via third party vendors for many years and searches daily for all U.S. consumer bankruptcy filings with the purpose of reporting them on consumers' credit reports.

12. Experian does not maintain or follow reasonable procedures to ensure that pre-bankruptcy debts are definitively reported as either paid or discharged following the entry of a Chapter 7 bankruptcy discharge order and do not continue to report as derogatory payment history after the bankruptcy was filed.

13. Experian received notice that accounts such as the 777 Account should report as discharged in bankruptcy because Experian was reporting the bankruptcy as filed after the account was opened and then discharged.

14. Further, Experian has been sued many times for similar conduct and is aware that, when it receives notice of a Chapter 7 bankruptcy discharge, all pre-bankruptcy installment loans or revolving accounts are automatically assumed to have been discharged through the consumer's bankruptcy (the "default rule").

15. Experian also received notice of its inadequate post-bankruptcy reporting procedures through the thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against Experian for its inaccurate reporting following a Chapter 7 bankruptcy discharge.

16. Upon information and belief, Experian had notice of Creditor's unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy. Experian knew and understood that furnishers do not have a statutory obligation to update their past reporting and do not have liability if they do not provide such updates.

17. Experian is reporting that Plaintiff may owe debt that she does not actually owe, thereby damaging her credit scores.

18. As a result of Experian's conduct, Plaintiff has sustained actual damages including, but not limited to, embarrassment, anguish, and emotional and mental pain.

19. Experian's reporting is particularly aggravating of Plaintiff's damages because the inaccurate reporting damages her credit scores and her credit, which she is attempting to rebuild after bankruptcy.

20. The inaccurate reporting by Experian has caused Plaintiff stress and anxiety about her credit reputation.

21. Upon information and belief, Plaintiff had an application for credit denied due to the publishing of Experian's inaccurate reporting.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files that Experian published and maintained concerning Plaintiff.

25. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages, including the loss of credit opportunities, emotional distress, humiliation, and mental anguish.

26. The § 1681e(b) violations by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, the violations by Experian were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

27. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Experian for the following:

A. declaratory judgment that Experian violated the FCRA;

B. actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. any pre-judgment and post-judgment interest as may be allowed under the law; and

G. any other relief that this Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of September 2020.

        s/ Jenna Dakroub
        Jenna Dakroub
        Bar Number: 0401650
        Attorney for Plaintiff Meredith Kay Reinholdt
        Price Law Group, APC
        8245 N 85th Way
        Scottsdale, AZ 85258
        Telephone: (818) 600-5513
        Email: jenna@pricelawgroup.com

        Christopher Dunn
        Bar Number: 0400686
        Attorney for Plaintiff Meredith Kay Reinholdt
        **Hoglund, Chwialkowski & Mrozik, PLLC**
        1781 Country Road B West
        Roseville, MN 55113
        Telephone: (651) 628-9929
        Email: chip.dunn@hoglundlaw.com